# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

J. B. REED,                                        PETITIONER

V.                                                     NO. 3:01CR140-D

UNITED STATES OF AMERICA,                        RESPONDENT

## OPINION DENYING PETITION PURSUANT TO 28 U.S.C. § 2255

This cause of action is before the Court on the motion of the petitioner for post conviction relief pursuant to 28 U.S.C. § 2255. Petitioner raises four errors as grounds for relief:

      (1) The Court erred at sentencing in using a higher quantity of cocaine in determining the appropriate sentence.
      (2) The Court erred at sentencing in not giving a downward departure based on an extraordinary physical impairment.
      (3) The Court erred at sentencing in not giving a downward departure based on an extraordinary family circumstance.
      (4) Reed has not been given sentencing credit for time he spent prior to sentencing on home detention.

Each of these will be discussed in turn.

## F A C T S

Petitioner and three co-defendants were indicted on nine counts, including conspiracy to distribute cocaine and crack cocaine, distributing crack cocaine, and aiding and abetting the distribution of crack cocaine. On April 18, 2002, petitioner pled guilty to Count Four, aiding and abetting the distribution of crack cocaine. A presentence investigation report was filed by the U.S. Probation Service, which found petitioner should be held responsible for 235 grams of cocaine base and a small quantity of marijuana. Petitioner, through his counsel, challenged these findings, and the court ruled that a portion of the cocaine base should not be used in determining the sentence. The court also found petitioner should not receive a downward departure based on an "extraordinary physical condition." Reed was then sentenced to serve 97 months in prison.

## THE COURT ERRED AT SENTENCING IN USING THE IMPROPER AMOUNT OF COCAINE IN DETERMINING AN APPROPRIATE SENTENCE

Because this issue has already been raised on appeal, it cannot again be raised in this § 2255 motion. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Additionally, the district court's calculation under the sentencing guidelines is not something which can be objected to in a § 2255 motion. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). As such, this court finds this assignment of error meritless.

## THE COURT ERRED AT SENTENCING BY NOT GIVING A DOWNWARD DEPARTURE BASED ON AN EXTRAORDINARY PHYSICAL IMPAIRMENT

Specifically, petitioner alleges that he has a kidney disease which should entitle him to a downward departure based on an "extraordinary physical condition." Reed has presented nothing, however, to show that his physical condition is such as to warrant extraordinary relief. As the court noted at the sentencing hearing, the "federal penal system has some of the best medical facilities . . . ." There is no legal, medical, nor practical basis for petitioner's contention that his medical condition is "extraordinary" enough to warrant relief.

As part of this ground, Reed also argues that his counsel was ineffective in not obtaining relief for him because of the "extraordinary physical impairment." To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test applies to retained counsel as well as appointed counsel. *See Bonvillain v. Blackburn*, 780 F.2d 1248 (5th Cir. 1986); *Murry v. Maggio*, 736 F.2d 279 (5th Cir. 1984). In *Strickland*, the Supreme Court held that before post-conviction relief can be granted for ineffective assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that if fell below an objective standard of reasonable professional service; and (2) that this deficient performance

prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. *Strickland*, 466 U.S. at 687, 688; *see also Sawyer v. Butler*, 848 F.2d 582 (5th Cir. 1988) (*superseded on other grounds*, *Sawyer v. Butler*, 881 F.2d 1272 (5th Cir. 1989)); *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir. 1988); *Bridge v. Lynaugh*, 838 F.2d 770 (5th Cir. 1988); *Thomas v. Lynaugh*, 812 F.2d 225 (5th Cir. 1987); *Martin v. McCotter*, 796 F.2d 813 (5th Cir. 1986). Thus, both a deficiency and resulting prejudice must be shown.[1] *United States v. Lewis*, 786 F.2d 1278, 1281 (5th Cir. 1986). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687; *see also Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). However, the Fifth Circuit has noted the following:

> In determining whether counsel's performance satisfies the requirements of the Sixth Amendment, we must inquire whether, considering all the circumstances, counsel's performance was reasonable under prevailing professional norms. Judicial scrutiny of counsel's performance must be highly deferential; we must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time. [Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988)].

In applying the first *Strickland* criterion, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action might be considered sound trial strategy. *Bridge v. Lynaugh*, 838 F.2d at 773; (quoting *Strickland v. Washington*, 466 U.S. at 689). Finally, counsel is given great deference with a strong presumption that counsel has exercised reasonable

---

[1]However, there are circumstances where prejudice can be presumed. *See United States v. Cronic*, 466 U.S. 648, 659 (1984); *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990).

professional judgment.  *Martin v. McCotter*, 796 F.2d 816, 817 (5th Cir. 1986).

The first prong of the *Strickland* test clearly was met, as the issue of extraordinary physical impairment was raised by petitioner at trial and rejected by the court.   Petitioner has provided nothing whatsoever that indicates that this ruling was incorrect.  Because the first prong has not been passed, the court does not need to address the second prong as there was no prejudice to Reed.

### THE COURT ERRED AT SENTENCING IN NOT GIVING A DOWNWARD DEPARTURE BASED ON EXTRAORDINARY FAMILY CIRCUMSTANCES

The family situation of Reed was provided to the Court in the presentence report, which the Court adopted.  The petitioner is therefore simply asking the Court to reconsider the sentence. The Court refuses to do so.

As in the preceding section, petitioner contends that his counsel was in some way deficient for not pursuing this issue.  He must show cause which would excuse the fact that the issue was not raised at the appropriate stage and actual prejudice has resulted, or that he is actually innocent.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Kallestad,* 236 F.3d 225, 227 (5th Cir. 2000).  Petitioner has not alleged cause or shown that he was prejudiced or that he is actually innocent.  As such, this assignment of error is without merit.

### PETITIONER SHOULD HAVE BEEN GIVEN SENTENCE CREDIT FOR TIME IN HOME DETENTION PRIOR TO SENTENCING

Because this issue challenges the execution of his sentence rather than the validity of his conviction and sentence, this is not a recognized ground for relief under § 2255 and must be

adjudicated under 28 U.S.C. § 2241. *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990). Because § 2241 claims must be filed in the jurisdiction in which the prisoner is incarcerated,[2] this Court has no jurisdiction to consider this claim. *Id.*; *See also United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

Additionally, pursuant to 18 U.S.C. § 3585(b), Reed must seek administrative review of this issue through the Attorney General via the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329 (1992). Petitioner may not seek judicial review of this issue until the administrative review has been exhausted.

## **CONCLUSION**

Having carefully considered petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, the court finds that petitioner has stated no grounds warranting relief.

An appropriate final judgment will issue.

This the 3rd day of November, 2005.

    /s/ Glen H. Davidson
    CHIEF JUDGE

---

[2] Reed is incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri.